| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**FOR THE DISTRICT OF NEW JERSEY**<br><hr>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>**Greenbaum, Rowe, Smith & Davis LLP**<br>Metro Corporate Campus One<br>P.O. Box 5600<br>Woodbridge, New Jersey 07095<br>(732) 549-5600<br>Proposed Attorneys for the Debtor<br>David L. Bruck, Esq. | Order Filed on September 26, 2014<br>by<br>Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>**MUNIRE FURNITURE COMPANY, INC.,**<br><br>                                        Debtor. | Chapter 11 Proceeding<br><br>**Case No.:  14-29229 (CMG)** |

**ORDER AUTHORIZING, BUT NOT DIRECTING, THE DEBTOR TO PAY CERTAIN CRITICAL PRE-PETITION CLAIMS OF FOREIGN VENDORS, DEMURRAGE AND SHIPPING COMPANIES**

The relief set forth on the following pages, numbered two (2) through seven (7) is

hereby **ORDERED.**

DATED: September 26, 2014

Honorable Christine M. Gravelle
United States Bankruptcy Judge

3105880.4

Upon consideration of the Motion[1] of Munire Furniture Company, Inc., the above-captioned debtor (the "Debtor"), for entry of an order authorizing, but not directing, the Debtor to pay certain critical pre-petition claims of Foreign Vendors, demurrage and shipping companies; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* dated as of September 18, 2012 (Simandle, C.J.); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interest of the Debtor, its estate and creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Debtor is authorized, but not directed, to pay the Foreign Vendor Claims of Foreign Vendors that, to the best of the Debtor's knowledge, may not be subject to the jurisdiction of this Court or the provisions of the Bankruptcy Code that otherwise protect the Debtor's assets and business operations, in the ordinary course of business in an aggregate amount of up to such amount as may be due to the Foreign and Critical Vendors in connection with releasing product, without prejudice to seek additional relief on an emergency basis.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3105880.4

3.    The Debtor is authorized, but not directed, to pay the Critical Vendor Claims

of ocean freight, shipping, demurrage, trucking, storage and related charges for the

containers being released without prejudice to seek additional relief on an emergent

basis.

4.    Upon receipt of payment for the product/containers requested to be

released, the Foreign and Critical Vendors shall release such product/containers to the

Debtor.

5.    The Debtor is authorized, but not directed, in its absolute discretion, to

settle some or all of the Foreign and Critical Vendor Claims for less than their face

amount without further notice or hearing.

6.    Upon notice to the Foreign and/or Critical Vendors, the Debtor shall have

the authority to terminate any agreement with a Foreign or Critical Vendor in its sole and

absolute discretion without further order of this Court.  Such notice to terminate shall be

without prejudice to the rights of the Foreign or Critical Vendors to dispute any such

Not withstanding anything to the contrary contained  herein any party affected by these terms may request a hearing
termination.  on shorten time.

7.    To the extent requested by the Debtor, the Foreign and Critical Vendors,

excluding specifically the OEC Group, shall continue to provide goods and services to the

Debtor on the same terms as presently exist unless otherwise agreed by the parties.or ordered by the court.

8.    In the event any Foreign or Critical Vendor receives payment pursuant to

this Order and thereafter fails to continue to provide goods and services to the Debtor as

set forth in paragraph 5 of this Order, the Debtor may request that any such Foreign or

Critical Vendor be required to immediately return to the Debtor any payments made on

3

3105880.4

account of its Foreign or Critical Vendor Claim to the extent that such payments exceed

the post-petition amounts then owed to such Foreign or Critical Vendor, without giving

effect to any rights of setoff or reclamation.

9.      Notwithstanding the relief granted herein, nothing in the Motion or this

Order, or any actions taken pursuant to this Order, shall be deemed: (i) as impairing the

Debtor's right to contest the amount or validity of any claim of Foreign and Critical

Vendors; (ii) an admission as to the validity of any claim against the Debtor; (iii) a waiver

of the Debtor's rights to dispute any claim on any grounds; (iv) a promise or requirement

to pay any claim; (v) an implication or admission that any particular claim is of a type

specified or defined in the Motion; (vi) a request or authorization to assume any

agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (vii) a

waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.

10.     The authorization granted hereby to pay Foreign and Critical Vendor Claims

shall not create any obligation on the part of the Debtor or its officers, directors,

attorneys, or agents to pay the Foreign and Critical Vendor Claims.   None of the

foregoing persons shall have any liability on account of any decision by the Debtor not to

pay a Foreign or Critical Vendor Claim.   Nothing contained in this Order shall be deemed

to increase, reclassify, elevate to an administrative expense status or otherwise affect the

Foreign or Critical Vendor Claims to the extent they are not paid.   Notwithstanding

anything to the contrary, nothing herein is intended to prejudice the rights of the Foreign

or Critica Vendors to pursue their claims for payment in full.

3105880.4

11.    No Foreign or Critical Vendor who received payment on account of a Foreign or Critical Vendor Claim is permitted to file or perfect a lien on account of such claim, and any such Foreign or Critical Vendor shall take all necessary actions to remove any existing lien relating to such claim, even if the lien is against property of a non-Debtor.

12.    Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in this Order shall create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

13.    In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtor maintains its accounts relating to the pre-petition or post-petition obligations are authorized to honor checks presented for payment and all fund transfer requests made by the Debtor related to such obligations to the extent that sufficient funds are on deposit in such accounts.

14.    The Debtor is authorized to issue post-petition checks or to make additional electronic payment requests with respect to payment of a Foreign or Critical Vendor Claim in the event pre-petition checks or electronic payment requests are dishonored or rejected.

15.    The Debtor shall maintain a matrix summarizing the name of each Foreign or Critical Vendor paid pursuant to this Order and the amount paid to each foreign creditor, and shall provide such matrix bi-weekly to the U.S. Trustee, counsel for any statutory committee appointed in the Chapter 11 Case and to Bank Leumi.

3105880.4

16.     The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

17.     The requirement set forth in Local Rule 9013-2 that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

18.     The Court finds and determines that the requirements set forth in Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

19.     To the extent applicable, the requirements of Bankruptcy Rule 6004(a) are hereby waived.

20.     Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

21.     This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation and enforcement of this Order.

22.     This Order is entered without prejudice to OEC Group pursuing its claim of a general lien on product/containers that are not subject of this Order or that are not subject of the automatic stay.

23.     The Foreign and Critical Vendors shall have the right to object and to be heard with respect to the relief set forth herein at a hearing to be held on October 14, 2014 at 2:00 p.m.

3105880.4

24.     The Debtor shall serve a copy of this Order and the Motion upon all Foreign and Critical Vendors within three (3) days of the entry of this Order and shall file a certification of service with respect thereto.

3105880.4